UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
APRYL N. FEATHERSTONE                       )
                                            )
    Plaintiff,                              )
                                            )
v.                                          ) Civil Action No. 07-1933-PLF
                                            )
D. C. SUPERIOR COURT                        )
                                            )
    Defendant.                              )
_____)

## DEFENDANT'S MOTION TO DISMISS

Defendant, the D.C. Superior Court ("Defendant"), by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(b)(6) moves this Honorable Court to dismiss the complaint with prejudice on the grounds that the complaint fails to state a claim upon which relief can be granted, stating:

1.    Plaintiff's claims of discrimination based on disability do not state a claim against this Defendant upon which relief can be granted.

2.    Plaintiff failed to name a proper defendant.

3.    For reasons more fully set out in the attached Memorandum of Points and Authorities attached hereto and made a part hereof.

    This is a contested motion. The Court should anticipate an opposition.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        \s\ Kimberly M. Johnson
        KIMBERLY M. JOHNSON [435163]
        Chief, General Litigation Sec. I

        \s\ Darrell Chambers
        DARRELL CHAMBERS[1]
        Assistant Attorney General
        441 4TH Street, N.W., 6th Floor South
        Washington, D.C.  20001
        202-724-6539; 202-741-8799 (F)
        E-mail: darrell.chambers@dc.gov


## CERTIFICATE OF SERVICE

I hereby certify that on this, the 18th day of APRIL, 2008, a copy of Defendant's Motion to Dismiss was served by first class postage prepaid U.S. mail on:

Apryl N. Featherstone, Pro Se
7803 Oxman Road
Hyattsville, MD 20785


        /S/   Darrell Chambers
        DARRELL CHAMBERS

---

[1] Pursuant to the Local Rules of the United States District Court for the District of Columbia, Darrell Chambers has registered with the Clerk's office as a Government Attorney and is appearing pursuant to LCvR 83.2.

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| APRYL N. FEATHERSTONE, <br><br> Plaintiff, <br><br> v. <br><br> D. C. SUPERIOR COURT <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 07-1933-PLF <br> ) <br> ) <br> ) <br> ) |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Preliminary Statement

Plaintiff filed the instant complaint, *pro se*, alleging that she was improperly terminated from her employment with Defendant, the D.C. Superior Court. See complaint. Specifically, Plaintiff claims that the Defendant violated the Americans with Disabilities Act ("ADA") by failing to accommodate her disability and terminating her when she could not perform her job without the accommodation. See complaint. Plaintiff seeks compensation of two million dollars. See complaint.

As is more fully set forth below, the complaint should be dismissed for failure to state a claim upon which relief can be granted and failure to name a proper defendant.

Argument

**I.   The Legal Standard.**

   **A.   Dismissal for failure to state a claim.**

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

3

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp., et al. v. William Twombly, et al.*, 127 S. Ct. 1955 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 127 S. Ct. at 1964. When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court. *Id.* at 1966.

A motion to dismiss for failure to state a claim should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Haynesworth v. Miller,* 820 F.2d 1245, 1254 (D.C. Cir. 1987); *Conley v. Gibson,* 355 U.S. 41, 45 (1957) (complaint should not be dismissed for failure to state claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief). The movant is not entitled to judgment if there are allegations in the complaint which, if proved, would provide a basis for recovery. *Haynesworth,* 820 F.2d at 1254. As this Court has observed,

> When a party moves to dismiss for lack of subject-matter jurisdiction or for judgment on the pleadings, the court may consider the motion based on the complaint standing alone or, where necessary, on the complaint "supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  This standard follows from the "well-established practice -- endorsed by the Supreme Court forty-five years ago ... of allowing the District Court to make findings when a factual dispute regarding jurisdiction does arise."

*Dale v. Executive Office of the President,* 164 F. Supp. 2d 22, 25 (D.D.C. 2001) (citations omitted).  *See also Longwood Village Restaurant, Ltd. v. Ashcroft,* 157 F. Supp. 2d 61, 66-67 (D.D.C. 2001).

**II.     The District of Columbia Superior Court is *Non Sui Juris*.**

It has long been held in this jurisdiction that agencies and departments within the District of Columbia government are not suable as separate entities. *See Roberson v. District of Columbia Board of Higher Education*, 359 A.2d 28, 31 n. 4 (D.C. 1976) (Board of Higher Education not a suable entity) (dictum); *Miller v. Spencer*, 330 A.2d 250, 251 n. 1 (D.C. 1974) (Department of Sanitation not suable); *Ray v District of Columbia*, 535 A.2d 868, 869 n. 2 (D.C. 1987) (holding that Fire Department, the Board of Police and Fire Surgeons, and the Police and Fire Clinic are not *sui juris* entities).

The D.C. Circuit has addressed the question at issue here, namely, whether the Superior Court may be sued in its own name. *Kundrat v. District of Columbia*, 106 F. Supp. 2d 1 (2000); *Thompson v. District of Columbia*, 1980 U.S. Dist. LEXIS 11452, 1980 WL 123 (D.D.C. 1980). Both *Kundrat* and *Thompson* specifically and unambiguously held that the D.C. Superior Court may not be sued in its own name. *Kundrat* at 23; *Thompson* at 6.  Although, the U.S. Court of Appeals for the D.C. Circuit has not addressed this exact issue, the District Court has never held that the Superior Court is a suable entity, nor has it allowed a party to prosecute a claim against the Superior Court in its own name. *Kundrat supra, at 17*.  Moreover, there is ample authority for the general proposition that if a department or agency of a municipality is not a corporate body, it cannot be sued as such. *Kundrat supra,* at 11 *citing* 3 McQuillin Municipal Corporations § 12.40, at 242 (rev. 3d ed. 1990).  As was noted in *Kundrat*, the U.S. District Court for the District of Columbia and the local courts of the District of Columbia have consistently applied this rule to dismiss claims against governmental agencies or departments of the District of Columbia. *See Trifax Corp. v. D.C.*, 53 F. Supp. 2d 20, 26 (D.D.C. 1999) (Kessler, J.) (Office of Inspector General, Dep't. of Health, Dep't. of Administrative Services and DHS); *Gales v. D.C.*,

5

47 F. Supp. 2d 43, 48 (D.D.C. 1999) (Robertson, J.); *Arnold v. D.C.*, 980 F. Supp. 28, 33 (D.D.C. 1997) (Lamberth, J.) (dismissing claims against D.C. Department of Corrections); *Cooke-Seals v. D.C.*, 973 F. Supp. 184, 186 (D.D.C. 1997) (Robertson, J.) (MPD); *Milliner v. D.C.*, 932 F. Supp. 345, 347 (D.D.C. 1996) (Harris, J.) (DHS's Alcohol and Drug Abuse Services Admin.); *Jenkins v. D.C.*, 1996 U.S. App. LEXIS 34431, 1996 WL 440551, 1 n.2 (D.D.C.) (Dep't of Corrections Medical Unit), *appeal dismissed as moot*, 1996 WL 761945 (D.C. Cir. 1996); *Aleotti v. Baars*, 896 F. Supp. 1, 6 (D.D.C. 1995) (Friedman, J.) (D.C. Metropolitan Police Department), *aff'd summarily*, 107 F.3d 922, 1996 WL 680175 (D.C. Cir. 1996); *Bennett v. D.C. Dep't. of Corrections*, 1995 WL 601049, 1 (D.D.C. 1995) (Friedman, J.); *Ali v. Maryland Dep't of the Env't*, 1995 U.S. App. LEXIS 4316, 1995 WL 350788, 1 (D.D.C. 1995) (Friedman, J.) (Psychiatric Services facility); *Zervas v. D.C.*, 817 F. Supp. 148, 150 (D.D.C. 1993) (Harris, J.) (Fire Dep't. and Office of Personnel); *Fields v. D.C. Dep't. of Corrections*, 789 F. Supp. 20, 22 (D.D.C. 1992); *Gallion v. D.C. DHS*, 1992 U.S. Dist. LEXIS 1941, 1992 WL 44360, 1 (D.D.C. 1992) (Harris, J.); *Byrd v. D.C.*, 1991 U.S. Dist. LEXIS 12775, 1991 WL 336038, 3 (D.D.C. 1991) (Hon. Joyce Green, J.) (Department of Corrections); *Gainza v. D.C. Dep't. of Corrections*, 1991 U.S. Dist. LEXIS 11055, 1991 WL 166580, 2 (D.D.C. 1991) (Sporkin, J.); *Owens v. D.C. Dep't of Hsg. and Community Dev.*, 1988 WL 113813, 1 (D.D.C. 1988); *Kerkam v. D.C. Bd. of Ed.*, 672 F. Supp. 519, 520 (D.D.C. 1987) (Penn, J.), *rev'd o.g.*, 862 F.2d 884 (D.C. Cir. 1988); *Crew v. Barry*, 1979 U.S. Dist. LEXIS 9582, 1979 WL 33, 2 (D.D.C. 1979) (Parker, J.) (Office of Human Rights and Commission on Human Rights); *Ray v. D.C.*, 535 A.2d 868, 870 n.2 (D.C. 1987) (Fire Dep't., Board of Police & Fire Surgeons and Police & Fire Clinic); *Turner v. D.C.*, 532 A.2d 662, 675 (D.C. 1987); *Braxton v. National Capital Hsg. Auth.*, 396 A.2d 215, 216-17 (D.C. 1978); *Miller v. Spencer*, 330 A.2d 250, 251 n.2 (D.C. 1974)

(Department of Sanitation).

The *Thompson* court followed the U.S. Supreme Court's decision in *Blackmar v. Guerre*, 342 U.S. 512, 96 L. Ed. 534, 72 S. Ct. 410 (1952), which held that the Civil Service Commission was not a suable entity. The Supreme Court reasoned:

> When Congress authorized one of its agencies to be sued *eo nomine* (in its own name), it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity. Since the Civil Service Commission is not a corporate entity which Congress has authorized to be sued, a suit involving the action of the Commission generally must be brought against the individual commissioners as members of the United States Civil Service Commission.

*Blackmar*, 342 U.S. at 515.

The D.C. Court of Appeals has applied this reasoning to bar suit against D.C. agencies which, like the Superior Court, were established by Congress. *See Thompson*, 1980 WL 123 at 2 (citing *Braxton v. National Capital Hsg. Auth.*, 396 A.2d 215, 217-18 (D.C. 1978) (holding that the National Capital Housing Authority, an entity created by Congress, is *non sui juris*)). The legislative enactment by Congress which vested judicial power in the Superior Court, D.C. Code § 11-701 et seq., does not authorize the Court to be sued either expressly or by implication. *See Thompson*, 1980 WL 123 at *2.

The overwhelming weight of authority in the U.S. District Court for D.C., the D.C. Court of Appeals, and the Superior Court holds that "in the absence of *explicit* statutory authorization, bodies within the District of Columbia government are not suable as separate entities." *Kundrat, supra,* 106 F. Supp. 2d at 17. See also, *Milliner v. D.C.*, 1993 WL 837384, 1 (D.D.C. 1993) (citing *Hinton v. Metropolitan Police Department*, 726 F. Supp. 875 (D.D.C. 1989). Plaintiff does not even attempt to claim that the D.C. Superior Court is a municipal corporation or has the capacity to sue and be sued. She merely asserts that the Defendant violated her rights under the ADA. Accordingly, the Plaintiff's complaint against the Superior Court fails to state a claim and

must be dismissed with prejudice.

## Conclusion

Based upon the foregoing, it is respectfully submitted that the plaintiff's complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted and failure to name a proper defendant.

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General, Civil Litigation Division

        \s\ Kimberly M. Johnson
        KIMBERLY M. JOHNSON [435163]
        Chief, General Litigation Sec. I

        \s\ Darrell Chambers
        DARRELL CHAMBERS
        Assistant Attorney General
        441 4TH Street, N.W., 6th Floor South
        Washington, D.C.  20001
        202-724-6539; 202-727-3625

## **CERTIFICATE PURSUANT TO LOCAL RULE LCvR7(m)**

I hereby certify that I was unable to contact Plaintiff, Apryl Featherstone, as she failed to include her contact telephone number on any of her pleadings filed in this matter.  Since Plaintiff has not consented to the relief sought, the court should consider this motion contested.

        \s\ Darrell Chambers
        DARRELL CHAMBERS

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of APRIL, 2008, copies of the foregoing Motion to Dismiss, Memorandum of Points and Authorities, and Proposed Order were mailed first class, postage prepaid to:

Apryl N. Featherstone, Pro Se
7803 Oxman Road
Hyattsville, MD 20785


                                                    /S/   Darrell Chambers
                                                    DARRELL CHAMBERS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| APRYL N. FEATHERSTONE | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-1933-PLF |
| D. C. SUPERIOR COURT | ) |
| Defendant. | ) |

**ORDER**

UPON CONSIDERATION of the Defendant's Motion, and any opposition thereto, it is this _____ day of _____ 2008, by the United States District Court for the District of Columbia, ORDERED and ADJUDGED:

1. That the Motion is hereby GRANTED; and

2. That the Plaintiff's Complaint is DISMISSED with prejudice and without leave to amend as to Defendant District of Columbia Superior Court.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| APRYL N. FEATHERSTONE | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. 07-1933-PLF |
|  | ) |
| D. C. SUPERIOR COURT | ) |
|  | ) |
| Defendant. | ) |

## **ORDER**

UPON CONSIDERATION of the Defendant's Motion, and any opposition thereto, it is this _____ day of _____ 2008, by the United States District Court for the District of Columbia, ORDERED and ADJUDGED:

1. That the Motion is hereby GRANTED; and

2. That the Plaintiff's Complaint is DISMISSED with prejudice and without leave to amend as to Defendant District of Columbia Superior Court.

_____
UNITED STATES DISTRICT JUDGE