UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| APRYL N. FEATHERSTON, | ) | |
| Plaintiff, | ) ) ) | |
| | ) | Civil Action No. 07-1933 (PLF) |
| DISTRICT OF COLUMBIA, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure on the remaining counts of the complaint brought under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") (Count I) and the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.* (Count II).  *See* Order of January 17, 2012 [Dkt. # 51] (dismissing all other counts of the complaint).  Defendant asserts that the Rehabilitation Act claim is barred by the District's one-year statute of limitations as announced this year in an opinion issued by the District of Columbia Court of Appeals ("DCCA") and that plaintiff "cannot make out a *prima facie* claim" under the ADA.  Defendant District of Columbia's Mot. for Summ. J. at 1 [Dkt. # 56].  Upon consideration of the motion, plaintiff's opposition [Dkt # 57], defendant's reply [Dkt. # 58], the relevant parts of the record and the relevant case law, the Court will deny defendant's motion.

*A. Timeliness of the Rehabilitation Act Claim*

Defendant wants this Court to apply the District's one-year statute of limitations to plaintiff's Rehabilitation Act claim in light of the DCCA's decision in *Jaiyeola v District of Columbia*, 40 A.3d 356 (D.C. 2012). After a lengthy analysis, the DCCA applied the one-year statute of limitations governing claims under the District of Columbia Human Rights Act ("HRA") to a Rehabilitation Act claim rather than the District's three-year statute of limitations governing personal injury claims. *See id*. at 366-68. In doing so, the DCCA recognized that it was going against the majority of federal courts that have found a Rehabilitation Act claim to be most closely analogous to a personal injury claim for statute of limitations purposes. *Id*. at 364. The DCCA surmised that such is the case in this jurisdiction only because "it appears that [the judges of this Court] have not considered the HRA statute of limitations as an alternative." *Id*. at 364-65.

This Court will not dwell on this issue for two reasons. First "a particular state's characterization of a federal claim for purposes of determining which statute of limitations is applicable is not binding on a federal court." *Banks v. Chesapeake and Potomac Telephone Co.*, 802 F.2d 1416, 1420 (D. C. Cir. 1986). Second, the judges of this Court have long struggled with this very issue. *See Stewart v. District of Columbia,* Civil Action No. 04-1444, 2006 WL 626921, at *8-9 (D.D.C. March 12, 2006) (examining cases). Thus, the argument addressed in *Jaiyeola* was not novel and defendant therefore could have advanced it in its two previous dispositive motions challenging the timeliness of plaintiff's claims. *See* Opinion of January 17, 2012 [Dkt. # 52] at 16 (refusing "to respond in detail" to defendant's argument that plaintiff's Rehabilitation Act claim was untimely since the argument was "previously considered and

rejected") (citing Memorandum Opinion and Order of May 5, 2009 [Dkt. # 22] at 4-5). Defendant therefore is estopped from asserting this additional theory in support of its limitations defense.[1]

### B. Sufficiency of the ADA Claim

The Court is baffled by defendant's attack on plaintiff's *prima facie* case at this late stage of the proceedings. The Court previously denied defendant's motion for summary judgment as to plaintiff's ADA claim arising out of "discrete acts that occurred on or after" December 24, 2005. Opinion at 15. Defendant has not moved for reconsideration of that ruling, and the contents of the Disability Certificate upon which defendant now relies have been in the record since the commencement of this action.[2]

---

[1] Judge Kollar-Kotelly in *Stewart*, Judge Urbina in *Adams v. District of Columbia*, 740 F. Supp. 2d 173, 184 (D.D.C. 2010), and Judge Bates in *Long v. Howard University*, 512 F. Supp. 2d 1, 11-12 (D.D.C. 2007), have adopted the personal injury three-year statute of limitations in opinions whose reasoning this Court finds persuasive. Furthermore, even if the one-year limitations period applied, there is a factual question as to when it started to run – October 6, October 10, or October 11, 2006 – and thus whether suit was timely instituted.

[2] Defendant argues that it is entitled to judgment in part because "plaintiff's physician certified her for regular duty" in January 2005, and it therefore had no notice of her disability on December 24, 2005 and beyond. Def.'s Statement of Material Facts Not in Dispute ¶ 4 (citing Amended Complaint ¶ 30); *see* Mem. of Points and Authorities in Supp. of Def. District of Columbia's Mot. for Summary Judgment at 8-9. The fact that plaintiff was certified to return to work is not dispositive of her ADA claim because "when the employee alleges pure discrimination on the basis of a disability[,] the claimed limitation need have nothing to do with the employee's ability to work." *Adams v. Rice*, 531 F.3d 936, 944 (D.C. Cir. 2008). Furthermore, the Rehabilitation Act covers individuals, such as plaintiff, who have a record of a disability and claim that "they once suffered from a physical or mental impairment that substantially limited a major life activity, recovered from the impairment, but nonetheless faced employment discrimination because of it." *Id*. at 946. And "[t]he standards used to determine whether [the Rehabilitation Act] has been violated in a complaint alleging employment discrimination . . . shall be the standards applied under [the ADA] as such sections relate to

(continued...)

Furthermore, the United States Court of Appeals for the District of Columbia Circuit has instructed that in employment discrimination cases in general and in ADA cases in particular, "the prima facie case is a largely unnecessary sideshow." *Adeyemi v. District of Columbia*, 525 F.3d 1222, 1226 (D.C. Cir. 2008). When no direct evidence of discrimination is alleged, "if an employer asserts a legitimate, nondiscriminatory reason for an adverse employment action," – as the defendant does in this case – "the district court must conduct one central inquiry in considering an employer's motion for summary judgment . . . : whether the plaintiff produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the plaintiff on a prohibited basis." *Id*. The Court finds that summary judgment is unwarranted because a reasonable jury presented with plaintiff's testimony and proffered evidence could find for plaintiff on that "central" question, which goes to both the ADA claim and the surviving Rehabilitation Act claim. *See Hamilton v. Geithner*, 666 F.3d 1344, 1351 (D.C. Cir. 2012) ("Because in appropriate cases a 'factfinder's disbelief of the reasons put forward by the defendant' may support an inference of intentional discrimination . . ., we do not routinely require plaintiffs 'to submit evidence over and above rebutting the employer's stated explanation in order to avoid summary judgment.' ") (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993)).

---

[2](...continued)
employment." 29 U.S.C. § 794(d); *see Cummings v. Norton*, 393 F.3d 1186, 1190 n.2 (10th Cir. 2005) (" 'Because the language of disability used in the ADA mirrors that in the Rehabilitation Act, we look to cases construing the Rehabilitation Act for guidance when faced with an ADA challenge . . .,' and vice versa.") (quoting *Kimber v. Thiokol Corp.*, 196 F.3d 1092, 1102 (10th Cir.1999)).

In the Disability Certificate dated January 5, 2005, plaintiff's doctor stated that he was continuing to treat plaintiff for carpal tunnel syndrome even though she could return to work and recommended her for surgery.  Mem. of Points and Authorities in Supp. of Def. District of Columbia's Mot. for Summary Judgment, Ex. C [Dkt. # 56-3].  In addition, plaintiff has proffered medical evidence dated March 11, 2005, after the date of the Certificate, showing that she continued to suffer from bilateral carpal tunnel syndrome and stating her limitations as "avoid[ing] repetitive motion activities involving use of both wrists."  Declaration of Allyson Himelfarb, Ex. F. [Dkt. # 57-1, at 26].  As the Court previously observed, plaintiff alleges that after her return to work, "her supervisors . . . intimidate[d] and harass[ed] her by favoring more junior employees' leave requests, criticizing her attire, and generally imposing demeaning requirements not related to [the] performance of her duties but rather intended to harass her and retaliate against her for her disability."  Opinion at 5 (citing Compl. ¶ 31); *see also id*. at 12-13 (noting defendant's "unjustifiably narrow view" of plaintiff's ADA claim and the "the broad range of discriminatory actions [plaintiff alleges were] taken against her that continued until her termination in October 2006").  Plaintiff's credibility and the credibility of Clerk of Court Duane Delaney and members of his staff are questions for the jury, not for the Court on summary judgment.  *See Muhammad v. District of Columbia*, Civ. Action No.08-0859, ___ F. Supp. 2d ___, 2012 WL 3195114, at *3 (D.D.C. Aug. 8, 2012) ("On a motion for summary judgment, the

Court must 'eschew making credibility determinations or weighing the evidence . . . .'") (quoting *Czekalski v. Peters*, 475 F.3d 360, 363 (D.C. Cir. 2007)).  Accordingly, it is hereby

ORDERED that Defendant's motion for summary judgment on the remaining Counts I and II of the complaint [Dkt. # 56] is DENIED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  December 11, 2012